UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DANIEL TEPOEL,                          Case No. 15-SC-3038 (DWF/LIB)

           Plaintiff,

v.                                         REPORT AND RECOMMENDATION

BARACK OBAMA, Trustee, Commander in
Chief, United States of America; and JACOB
LEW, Trustee, Secretary of the Treasury,
United States of America,

           Defendants.

---

Plaintiff Daniel TePoel alleges that he is a "Pre-1933 Private American National Citizen of the United States, privately residing in exclusive English/American equity within a non-military-occupied private estate . . . ." Compl. ¶ 1 [Docket No. 1]. When TePoel was born, 64 years ago, a "quasi-corporate/artificial person 'DANIEL THOMAS TEPOEL' was created by the state of Wisconsin" through the issuance of a birth certificate. *Id*. ¶ 7. The artificial entity TEPOEL has accrued property over the past six decades and continues to do so. TEPOEL was also invested with natural and constitutional rights that otherwise would have remained attached to the human TePoel had the artificial entity never been created. *Id*. ¶¶ 16-17. TEPOEL has been held in trust by the President of the United States and the Secretary of the Treasury since its inception in 1951. *Id*. ¶¶ 11, 18. TePoel — the real human TePoel, not TEPOEL — contends that current trustees Barack Obama and Jacob Lew have violated the terms of that trust and have thereby terminated the trust agreement. TePoel now sits in a federal prison camp awaiting the abrogation of the trust and the

reunification of the full panoply of rights with which he was born. This lawsuit was filed to speed along the process.

TePoel is in actuality a federal prisoner; he "defrauded investors of over $2.5 million by telling them he would invest their money in high-yield, low-risk bank instruments, when in fact he was spending the money on personal expenses and a failed real-estate venture." *United States v. TePoel*, 317 Fed. App'x 549, 550 (7th Cir. 2009) (per curiam). TePoel was convicted after a jury trial on four counts of mail fraud, two counts of mail fraud, one count of conspiracy to commit mail and wire fraud, and one count of making false statements to the Federal Bureau of Investigation. *Id*. As a result, TePoel was sentenced to a 136-month term of imprisonment. Today he is serving that sentence at the Federal Prison Camp in Duluth, Minnesota. He hopes to be freed from his incarceration through this action.

Because TePoel is a prisoner, his complaint is subject to 28 U.S.C. § 1915A, which provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1). TePoel's complaint (or, as he styles it, "Bill in Equity")[1] is self-evidently frivolous.

TePoel's claims are not even *original* frivolous claims. So far as this Court can tell, TePoel's arguments    that his name in capital letters represents a different legal entity than his name spelled normally; that his rights were truncated through the creation of a birth certificate; that high-ranking

---

[1]Rules 2 and 3 of the Federal Rules of Civil Procedure makes clear that "[t]here is one form of action    the civil action" and that "[a] civil action is commenced by filing a complaint with the court." This action, whether styled as arising in law or in equity, is a civil action, and the document commencing that action is a complaint.

officials with the federal government are trustees to an account for his benefit; that the Emergency Banking Relief Act somehow matters in all this — have been rejected as frivolous by every court to consider them. *See, e.g.*, *United States v. Denham*, No. 08-9012-CV-W-HFS, 2008 WL 5663925, at *5 (W.D. Mo. Oct. 9, 2008) (rejecting capital-letters argument and citing *Russell v. United States*, 969 F. Supp. 24 (W.D. Mich. 1997)); *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011) (rejecting birth-certificate and trust argument); *Hargrove v. Georgia*, No. 5:11-cv-349 (CAR), 2011 WL 4526755, at *2 (M.D. Ga. Sept. 28, 2011) (rejecting as "nonsensical" an argument based on the Emergency Banking Relief Act).

The complaint also fails to state a claim on which relief may be granted. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Even taking TePoel's non-conclusory allegations in the complaint as true, nothing in TePoel's complaint amounts to a violation of federal or state law by defendants Obama and Lew. Moreover, his claims also fail because they necessarily imply the invalidity of his conviction and

sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). According to TePoel, the federal government lacks jurisdiction to imprison him following his termination of the trust. Yet TePoel remains incarcerated today on account of a facially valid criminal judgment. That judgment has not been vacated, expunged, or otherwise invalidated. Granting judgment in TePoel's favor in this action would necessarily imply that the judgment entered in his criminal case was not valid, in violation of *Heck*.[2]

For all the above reasons, this Court recommends that this action be dismissed. In addition, this Court discerns no good reason why this matter should remain under seal, despite TePoel's urging throughout the complaint that this matter is "Private." Compl. at 2. This Court therefore recommends that TePoel's petition to seal [Docket No. 2] be denied and that the complaint in this matter be unsealed. Because TePoel has included sensitive personal information in the exhibits to the complaint (such as his social security number), this Court recommends that the exhibits to the complaint remain under seal.

One final word of caution to TePoel: Under 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2]Ordinarily, a dismissal under *Heck* should be without prejudice, so that the prisoner may renew his claims should his conviction ever be invalidated. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam). But TePoel's arguments are frivolous; under no set of circumstances will he ever succeed on the claims raised in his complaint. Accordingly, this Court recommends that the complaint be dismissed with prejudice.

TePoel has attempted this gambit once before, in the United States District Court for the Western District of Wisconsin. *See TePoel v. Constructive Statutory Trust*, No. 3:13-cv-0690-bbc (W.D. Wis. filed Oct. 2, 2013). That civil action was dismissed as frivolous and was therefore "strike one" under § 1915(g). This action is "strike two." If TePoel files another civil action that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, he will thereafter be unable to proceed *in forma pauperis* in federal court unless he is under imminent danger of serious physical injury.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A.

2. Plaintiff Daniel TePoel's petition to seal [Docket No. 2] be DENIED.

3. This complaint in this matter be UNSEALED.

Dated: July 27, 2015               s/Leo I. Brisbois
                                   Leo I. Brisbois
                                   United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.